**Carol F. NICKEL, Plaintiff—Appellee,**

---

Paul Merritt Christiansen, Participant—Appellant,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION; Bank of America Corp.; Bruce Norman; Andrew Schwartz; James Bessolo; Michael Halloran, Defendants—Appellees.

No. 06–15593.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 17, 2007 *.

Filed Nov. 27, 2007.

Derek G. Howard, Esq., Murray & Howard, Oakland, CA, Robert W. Mills, Esq., The Mills Law Firm, San Rafael, CA, for Plaintiff–Appellee.

Paul Merritt Christiansen, South Laguna, CA, pro se.

Andrew H. Schwartz, Esq., Bank of America N.T. & S.A., Office of General Counsel, Robert A. Rosenfeld, Esq., Heller Ehrman, LLP, San Francisco, CA, for Defendants–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Paul Merritt Christiansen appeals pro se the district court's order approving the distribution of unclaimed settlement funds to charity in a diversity class action

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

against Bank of America. Christiansen does not contest the distribution to charity, but argues that the class members should be reimbursed the legal fees previously paid as a percentage of the unclaimed settlement funds. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Appellees assert that this appeal is untimely because the final orders Christiansen seeks to challenge were issued in May 2004 and his Notice of Appeal was not filed until March 21, 2006. This argument would have merit had the earlier orders stated definitively that unclaimed funds would be distributed to charity. To the contrary, the Reserve Clause contained two possible outcomes: distribution to the class or distribution to charity. It was not until January 9, 2006, that the district court determined that the funds would go to charity and not to the class. Shortly thereafter, Christiansen filed a formal objection that was denied in a February 27, 2006, district court order. This order was the first final appealable order allocating the unclaimed funds to charity. Thus, Christiansen's appeal, filed on March 21, 2006, was timely, and this court has jurisdiction

On appeal, Christiansen argues that the district court erred when it did not credit to the class the attorneys' fees that had been paid on the unclaimed funds. Christiansen does not object to the distribution to charities, but to the payment of attorneys' fees on funds that will not benefit the class. He also asserts that the class did not receive adequate notice of the attorneys' fees charged on funds allocated to the charities.

The Supreme Court has upheld the calculation of attorneys' fees as a percentage of the total fund. *See Boeing Co. v. Van Gemert,* 444 U.S. 472, 480–81, 100 S.Ct.

745, 62 L.Ed.2d 676 (1980); *see also Six (6) Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990). The district court's "Second Order Awarding Plaintiff's Counsel Fees and Expenses and Second Honorarium" provided the class with adequate notice that this method of calculating attorneys' fees had been used. Thus, the district court did not abuse its discretion when it overruled Christiansen's request to credit the class for the attorneys' fees paid on the unclaimed funds.

**AFFIRMED.**